■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRILO ALCANTARA, Appellant. [51 NYS3d 547]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered May 10, 2013, convicting him of criminal sexual act in the first degree and sexual abuse in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by 20 years of postrelease supervision, on the count of criminal sexual act in the first degree, and a concurrent determinate term of imprisonment of 7 years, to be followed by 10 years of postrelease supervision, on the count of sexual abuse in the first degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of criminal sexual act in the first degree from a determinate term of imprisonment of 25 years, to be followed by 20 years of postrelease supervision, to a determinate term of imprisonment of 18 years, to be followed by 20 years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity

to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.